983 So.2d 597 (2007)
A.L., Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2547.
District Court of Appeal of Florida, Second District.
October 26, 2007.
James Marion Moorman, Public Defender, Robert A. Young and Cynthia J. Dodge, Assistant Public Defenders, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan Hurley, Assistant Attorney General, Tampa, for Appellee.
Susan W. Fox and Wendy S. Loquasto, Fox and Loquasto, Tampa, for Walt Smith, Twelfth Judicial Circuit Court Administrator.
CERTIFICATION OF FINAL DISPOSITION ORDER IN DELINQUENCY PROCEEDING AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
Pursuant to Florida Rule of Appellate Procedure 9.125(a), this court certifies that the final disposition order in this delinquency proceeding is an order or judgment requiring immediate resolution by the supreme court.
The resolution of the appeal itself is not problematic. Rather, a procedural issue has arisen in this appeal that has a significant effect on the constitutional rights of numerous juvenile appellants. This is a recurring issue[1] that this court has been unable to resolve. Without immediate resolution of this issue by the supreme court, affected juvenile appellants may be deprived of their due process rights to prosecute their appeals with a sufficient record.
The unresolved question appears simple: Who must pay for transcription of digital recordings of juvenile court proceedings in order to complete the appellate record? The issue has arisen because a legal disagreement exists primarily among the *598 Twelfth Judicial Circuit Digital Court Recording Office, the Twelfth Judicial Circuit Official Court Reporter, "represented" in this proceeding and others by Walt Smith, the Twelfth Circuit Court Administrator, and the public defenders of the Tenth and Twelfth Judicial Circuit. Beneath this apparently simple issue, however, lie complex considerations of due process and court administration.
We have addressed the position of the various concerned entities in some detail in Moorman v. Hatfield, 958 So.2d 396 (Fla. 2d DCA 2007). Moorman was a mandamus action deriving from the juvenile delinquency appeal in L.A. v. State, No. 2D05-3966, which also involved a dispute over the cost of a transcript. As in Moorman, some of the proceedings in A.L.'s case were digitally recorded by Twelfth Judicial Circuit Digital Court Recording. When the assistant public defender representing A.L. filed supplemental designations to the court reporter requesting the transcription and filing of the adjudicatory hearing, the Digital Court Reporting Manager, Janice Conway, responded by enclosing a CD of the proceedings with the caveat that the public defender is responsible for retaining a transcriptionist. The local court reporting plan requires the Twelfth Circuit Public Defender to deliver the CD provided by the Digital Court Recording Office to a transcriptionist and then provide the finished transcripts to the court and to appellate counsel (in this case, the Tenth Circuit Public Defender).
When the public defender moved for completion of the appellate record in this court, we ordered the court reporter to file a status report on transcription. At that juncture, Walt Smith, Court Administrator, intervened and pointed out that the appellant's attorneys had not taken the appropriate steps to insure preparation and filing of the transcripts.
In reply to Mr. Smith, the appellant's public defender claims that the Twelfth Circuit has received an appropriation through the Justice Administrative Commission to pay for written transcripts for indigent clients. Nevertheless, the public defender maintains that the Twelfth Circuit has created Administrative Order 2006-6-2 to exclude the cost of preparation of written transcripts in juvenile appeals such as this.
The unfortunate effect of this budgetary dispute is that juvenile appeals can languish while the interested parties argue about the responsibility for payment of transcripts. Because of the nature of juvenile dispositions, time can be of the essence. Moreover, failure of the appellant to file a complete record for review can result in the dismissal of the appeal or reversal of the juvenile's disposition for lack of an adequate record. This court frankly admits that it has chosen to pass through A.L.'s case because timing is not as critical in this case as in the typical juvenile delinquency case. Adjudication was withheld, A.L. was not placed on probation, and the only issue on review apparently concerns the substantial amount of restitution that A.L. was ordered to pay for committing third-degree grand theft. Therefore, A.L. does not risk erroneous or extended detention while this monetary mattertotally unrelated to this particular caseis resolved by the courts.
In addition to concern for the potential recurring deprivation of due process rights suffered by juvenile appellants as a result of this issue, this court certifies this appeal for immediate resolution by the supreme court because of that court's superior ability to resolve conflicts among the Florida Rules of Appellate Procedure, the Florida Rules of Judicial Administration, and local administrative rules and orders that affect *599 several classes of constitutional or state officers.[2]
NORTHCUTT, C.J., and ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] See J.F. v. State, No. 2D07-1128; L.B. v. State, No. 2D07-2645; L.A. v. State, No. 2D05-3966; M.S. v. State, No. 2D05-145.
[2] We recognize that, in a different context, the supreme court declined to review the Twelfth Circuit administrative order that was the predecessor to that involved in this case. See Administrative Order No.XXXX-XX-X of the Twelfth Judicial Circuit Re: Court Reporting Plan, Case No. SC06-436, 939 So.2d 1057 (September 7, 2006).